UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **TIMOTHY DICKEY,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated,** | § | **Docket No. 13-cv-402** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | **COLLECTIVE ACTION** |
| **3S SERVICES, LLC.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AND REQUEST FOR ENTRY OF CONDITIONAL ORDER OF DISMISSAL

Plaintiff Timothy Dickey ("Plaintiff") and Defendant 3S Services, LLC ("Defendant") (collectively, the "Parties") file this Joint Motion to Approve Confidential Settlement and Request for Entry of Conditional Order of Dismissal and in support would show as follows:

### I.      INTRODUCTION

This is a lawsuit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Plaintiff filed this lawsuit against Defendant alleging that he and other hourly employees were not paid the proper amount of overtime compensation for all hours worked in excess of forty hours per week. Plaintiff alleged that he and other similarly situated hourly employees received compensation in the form of per diems, truck allowances, and other payments that should have been considered remuneration under the FLSA and included in determining the regular rate for overtime purposes. Plaintiff alleged that, because 3S excluded the payments described above from the regular rate calculation, Plaintiff was not paid overtime at one and a half times his regular rate. Plaintiff argued he was entitled to additional overtime under the FLSA. 3S denied Plaintiff's allegations and denied that it improperly paid its employees.

1

After months of informal and formal discovery and exchanging information, the Parties have agreed to globally resolve the FLSA claims at issue. As discussed below, the settlement provides Plaintiff and all current and potential opt-ins employed during the statutory period with an opportunity to recover for their alleged unpaid overtime wages.

The specific terms of the settlement, including the notice and claims process and relevant deadlines, have been set forth in the Stipulation Regarding Settlement and Addendum to March 3, 2015 Settlement Agreement (collectively, the "Stipulation") which have been filed under seal. *See* Exhibit A.

This settlement is the result of arm's length bargaining by competent counsel with extensive wage and hour experience, and a high level of familiarity and understanding of the relevant facts and legal issues applicable to these cases. The Parties believe that the settlement is fair and reasonable and in the best interests of the Plaintiff and the class of Potential FLSA Opt-Ins. The Parties also believe that the settlement resolves *bona fide* disputes between the Parties, including whether Defendant's payment practices violated the FLSA.

## II.     SETTLEMENT

The Parties now seek Court approval of their agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to the compensation practices at issue. The settlement was the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information and participating in an all-day mediation with a mediator well-versed in the FLSA.  The terms of the settlement are reasonable and appropriate and fair to all Parties involved.

A.        HOW THE SETTLEMENT WAS REACHED

Prior to engaging in settlement discussions and mediation, Plaintiff and Defendant independently and thoroughly investigated the claims and defenses at issue.  These efforts provided both parties with great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding the misclassification allowed both parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

Eventually, the settlement was reached in this case through formal and informal settlement negotiations.  The settlement was negotiated by attorneys who have been vigorously prosecuting and defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.  *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement, the notice program and the scope of the release.  Indeed, it cannot be gainsaid that the settlement documents ultimately approved and

executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

**B.    GENERAL TERMS OF THE SETTLEMENT**

While the Parties are requesting permission to file the actual Stipulation under seal, the general terms of the settlement are as follows:

**1.    Settlement Amount and Formula for Distribution**

The proposed settlement obligates Defendant to pay a maximum amount, which is described in the Stipulation as the "Total Settlement Amount."  From this amount, all claims, including claims for attorneys' fees and costs, administrative costs and an enhancement award for Timothy Dickey will be deducted. The amounts of each of these deductions are described in the Stipulation.

The Net Settlement Amount (as defined in the Stipulation) will be divided by the total number of Qualifying Workweeks (as defined in the Stipulation) of both the individuals who have already opted-in to this settlement and those individuals who will receive notice of this settlement (collectively, the "Settlement Class Members," as defined in the Stipulation), thus resulting in a Weekly Settlement Amount (as defined in the Stipulation).

Each individual who timely returns the proposed Notice and Settlement Consent Form attached as Exhibit A(1) to the Parties' Stipulation will receive a settlement amount as described in the Stipulation. The settlement amount shall be subject to all withholding, liens, garnishments, withholding orders and other deductions as required by law, as payment in full compromise and settlement of all claims for alleged unpaid overtime back pay or compensation.

Any amount of the balance which is unclaimed will revert back to the Defendant following the close of the period in which individuals may return their Settlement Consent Forms (the "class period").

### 2. Who is Included in the Settlement and the Notice Program

As set forth in the Stipulation, this is a global settlement that provides for widespread participation by individuals who fall within the settlement class.  As discussed in the Stipulation, the settlement applies to the individuals who have already timely filed consent forms in this lawsuit and those similarly-situated individuals who were employed during the statutory time period prior to the date of approval of the settlement.

All of these individuals, regardless of whether they previously opted-in or didn't, will receive a copy of the Notice of Settlement and Settlement Consent Form attached to the Stipulation.  These documents will be distributed in accordance with the schedule set forth in the Stipulation.

The settlement documents explain the terms of the settlement, the scope of the release, the estimated settlement amounts and the steps which must be taken to participate. Individuals who elect to participate in the settlement will be required to return their properly executed Claim and Consent Form to Plaintiff's Counsel within sixty (60) days from the date of mailing.

Settlement checks will be issued by Defendant approximately sixty (60) days from the close of the class period.

### C. SCOPE OF THE RELEASE

In exchange for compensation under the settlement, those individuals who timely return a Settlement Consent form will release Defendant from all wage-related claims asserted or that could have been asserted in this lawsuit through the date of approval. The specific release

language is set forth in the Stipulation and the Notice of Settlement and Settlement Consent Form, which will be distributed to those individuals who qualify to participate in the settlement.

### D. SUBMITTING THE STIPULATION UNDER SEAL

The terms of the settlement have been memorialized in the Stipulation, a comprehensive settlement agreement. Defendant has requested that the Stipulation and exhibits thereto be filed under seal for the Court's review. Defendant believes that the publication of the Stipulation and exhibits thereto may be harmful to its ongoing operations and its competitiveness in the marketplace. Plaintiffs are not opposed to the submission of these documents under seal and believe that 3S has articulated good cause for submitting the documents under seal.

## III. COURT APPROVAL

The Parties are now seeking Court of approval of this proposed settlement under the FLSA only. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel)*; Camp v. The Progressive Corp, et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a *bona fide* dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

The Parties believe that the terms and conditions of this settlement as set forth in the Stipulation are fair, reasonable, adequate, beneficial and in the best interests of the Parties. As noted above, prior to mediation, the Parties the exchanged a substantial amount of information about Defendant's pay practices and the hours worked by the Plaintiff and the Potential FLSA Opt-Ins. Because of the various defenses asserted by Defendant and the possibility that

Defendant may have successfully defeated some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of the claims. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and appeal.

## IV.    CONDITIONAL DISMISSAL

The Parties request that the Court enter a conditional dismissal order and that, upon the Court's receipt of a Joint Motion to Dismiss to be filed no later than ten (10) days after the disbursement of the balance of the payments as specified in the attached Stipulation, the Court enter a final order dismissing with prejudice the claims of all Plaintiffs in this lawsuit according to the terms of the Stipulation.

## V.    CONCLUSION

For all of the foregoing reasons, the Parties request that this Court grant this motion.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
     Michael A. Josephson
     Fed. Id. 27157
     State Bar No. 24014780
     mjosephson@fibichlaw.com
     Andrew Dunlap
     Fed Id. 1093163
     State Bar No. 24078444
     adunlap@fibichlaw.com
     **FIBICH, LEEBRON, COPELAND,
     BRIGGS & JOSEPHSON**
     1150 Bissonnet St.
     Houston, Texas 77005
     713-751-0025 – Telephone
     713-751-0030 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

  **AND**

By: */s/ Ramon D. Bissmeyer*
     Ramon D. Bissmeyer
     Texas State Bar No. 00787088
     So. Dist. No. 17446
     rbissmeyer@dykema.com
     **DYKEMA COX SMITH**
     112 East Pecan Street, Suite 1800
     San Antonio, Texas 78205
     Telephone: (210) 554-5500
     Facsimile: (210) 226-8395

     Elizabeth A. Voss
     State Bar No. 24075160
     So. Dist. No. 1241751
     evoss@dykema.com
     **DYKEMA COX SMITH**
     1201 Elm Street, Suite 3300
     Dallas, Texas 75270
     Telephone: (214) 698-7800
     Facsimile: (214) 698-7899

**ATTORNEYS FOR DEFENDANT**

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on May 12, 2015.

/s/ Andrew W. Dunlap
Andrew W. Dunlap